IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01633-WDM-CBS

QFA ROYALTIES LLC, QUIZNO'S FRANCHISING II LLC, and QIP HOLDER LLC,

Plaintiffs,

v.

JOE PETKE and JENNIFER PETKE,

Defendants.

---

**ORDER TO REMAND**

---

This matter is before me on plaintiffs' Motion to Remand (docket no. 10) pursuant to 28 U.S.C. § 1447(c). Defendants removed this case to this Court on the basis of diversity. Plaintiffs, however, contend that defendants contractually waived their right to contest venue, which precludes removal. I agree and grant the motion.

The contract term at issue provides:

> Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

Exhibit A to Motion to Remand at ¶ 21.1.

In general, there is a presumption against removal and all doubts are resolved in

favor of remand. *See, e.g., Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Nonetheless, a contractual waiver of the statutory right to remove a case from state to federal court must be "clear and unequivocal." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Further, if there is ambiguity in the contractual provision, I must construe it against the drafter. *Id*.

I find that the clause here is not ambiguous. The plain language provides that "if a claim is asserted in any legal proceeding," it shall be in either of the two exclusive venues designated by the contract and "each party waives any objection it might have to the personal jurisdiction or venue of such courts." Such waiver includes an objection to venue by removing the case in the event that the claim is asserted in state court. *iNet Directories, LLC v. Developershed, Inc*., 394 F.3d 1081, 1082 (8th Cir. 2005).

Defendants urge that because the contract provision does not expressly include a waiver of removal rights, a preference for a particular forum, or language vesting in a plaintiff the right to control the forum, the clause fails to evince a "clear and unequivocal" intent to waive the right to removal. I disagree. A waiver of the right to remove need not contain specific words or phrases such as "waiver of right of removal." *Waters v. Browning-Ferris Indus., Inc.,* 252 F.3d 796, 797 (5th Cir. 2001); *see also Milk 'N' More*, 963 F.3d at 1346 (waiver of removal established in contractual forum selection clause that did not expressly reference removal rights). Moreover, the language of the clause demonstrates a clear intent that, once a claim is asserted in whichever of the two acceptable venues is chosen by a party initiating the case, it shall

be the exclusive venue for the dispute. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 927 (10th Cir. 2005) ("when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive.") (*citing K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 499 (10th Cir. 2002)).

In addition, I find that the forum selection clause in this case is distinguishable from those in cases where the court held that the clause did not effect a waiver of the right to remove. *See, e.g., Newman/Haas Racing v. Unelko Corp.,* 813 F.Supp. 1345, 1348 (N.D. Ill. 1993) (finding clause in which parties consented to "venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois" to be "more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose.") In contrast, the clause here specifically waives "any objection" to venue or jurisdiction that might arise after initiation of a lawsuit and, therefore, indicates a broad waiver of rights rather than a mere geographic limitation.

Defendants have not argued that enforcement of the forum selection clause is unfair or unreasonable, only that a different interpretation should apply. *Excell v. Sterling Boiler & Mechanical, Inc*., 106 F. 3d 318, 321 (10th Cir. 1997). Accordingly, plaintiffs' motion to remand should be granted.

Plaintiffs also seek an award of attorneys' fees and costs pursuant to 28 U.S.C.

§ 1447(c) which permits such an award. It has now been established that attorneys' fees under § 1447(c) should only be awarded if it is shown that there was no objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). At the time that defendants filed their notice of removal, there was no controlling authority from the Tenth Circuit concerning the effect of a waiver of objections to venue and jurisdiction in the context of a forum selection clause. In addition, case law from other jurisdictions is conflicting. While I disagree with defendants' reading of the forum selection clause, it was not objectively unreasonable. Accordingly the request should be denied.

It is therefore ordered:

1. Plaintiffs' motion to remand (docket no. 10) is granted;

2. Plaintiffs' request for attorneys' fees and costs is denied; and

3. The Clerk of the court shall remand this case to the district court of the City and County of Denver, Colorado.

DATED at Denver, Colorado, on November 13, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge